# 22-178-cr

---

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

---

UNITED STATES OF AMERICA,

Appellee,

-v-

TERRY LAJEUNESSE,

Defendant-Appellant.

---

On Appeal from the United States District Court
For the Northern District of New York

---

**Reply Brief for Defendant-Appellant
Terry Lajeunesse**

---

James P. Egan
Assistant Federal Public Defender
4 Clinton Square, 3rd Floor
Syracuse, New York 13202
(315) 701-0080
james.egan@fd.org

# Table of Contents

Table of Authorities......................................................................................ii

Argument.................................................................................................... 1

I.  This Court should suppress evidence obtained and derived from
    the warrantless search of Terry Lajeunesse's cell phone. ............... 1

II. The waiver provision does not foreclose this Court's review of the
    acknowledged allocution error. ........................................................ 5

Conclusion ............................................................................................... 10

Certificate of Compliance....................................................................... 11

Certificate of Service .............................................................................. 12

# Table of Authorities

## Cases

*Gardner v. Florida*, 430 U.S. 349 (1977) .................................................. 8

*Herring v. United States*, 555 U.S. 135 (2009) ....................................... 4

*United States v. Arevalo*, 628 F.3d 93 (2d Cir. 2010) ............................. 6

*United States v. Braggs*, 5 F.4th 183 (2d Cir. 2021) ............................... 2

*United States v. Buissereth*, 638 F.3d 114 (2d Cir. 2011) ...................... 7

*United States v. Coffin*, 23 F.4th 778 (7th Cir. 2022) ............................ 9

*United States v. Galpin*, 720 F.3d 436 (2d Cir. 2013) ............................ 2

*United States v. Green*, 897 F.3d 443 (2d Cir. 2018) .............................. 6

*United States v. Lawrence*, 248 F.3d 300 (4th Cir. 2001) ...................... 9

*United States v. Leroux*, 36 F.4th 115 (2d Cir. 2022) ........................ 9, 10

*United States v. Quinones*, 707 F. App'x 184 (4th Cir. 2017) ................ 6

*United States v. Ross*, 456 U.S. 798 (1982) ............................................ 2

*United States v. Whitmer*, 505 F. App'x 167 (3d Cir. 2012) ............ 6-7, 7

*United States v. Williams*, 641 F.3d 758 (6th Cir. 2011) ........................ 9

## Other

Fed. R. Crim. P. Rule 32 ................................................................. 5, 8, 11

*United States v. Quinones*, No. 17-4253, Appellee's Brief, 2017 WL
4569368 (4th Cir. Oct. 6, 2017) ............................................................. 6

*United States v. Whitmer*, No. 10-2392, unnumbered docket entry
4/26/2012, Pro Se Appellant's Brief, (3d Cir. Apr. 26, 2012) ................. 7

## Argument[1]

### I. This Court should suppress evidence obtained and derived from the warrantless search of Terry Lajeunesse's cell phone.

On appeal, Terry Lajeunesse challenges the district court's failure to suppress evidence obtained and derived from a warrantless search of his cellular telephone. More particularly, he claims that the "special needs" exception to the warrant requirement is inapplicable because probation officers lacked reasonable suspicion to support the challenged search. Moreover, because probation officers failed to conduct even the most basic investigation that would have easily confirmed Lajeunesse's sexual partner was an adult, the cell phone search was not reasonably and rationally related to the purposes of probation, but "arbitrary, capricious, or harassing." This Court should reject the government's arguments to the contrary.

---

[1] Terry Lajeunesse objects to and disagrees with many contentions presented in the government's responsive brief. This reply is limited solely to those warranting a response. Contentions left unaddressed are sufficiently met with the facts and arguments presented in Lajeunesse's opening brief.

As an initial matter, the government fails to explain why suspicion of Lajeunesse's violation of the social media condition[2] permitted probation officers to conduct a general search of his cell phone. As all Fourth Amendment searches must be reasonable in scope, this Court has made clear that the scope of a parole (or probation) search must be limited to evidence relating to the relevant condition. *See United States v. Braggs*, 5 F.4th 183, 188 (2d Cir. 2021) ("Once Officer Bailey received notice of an anonymous tip suggesting that Braggs had guns in his possession – a clear violation of his parole conditions – he and his team were constitutionally permitted to search the house to determine whether Braggs was complying with *the relevant condition*.") (emphasis added); *United States v. Ross*, 456 U.S. 798, 820-21 (1982) (holding search may lawfully extend "to the entire area in which the object of the search may be found and is not limited by the possibility that separate acts of entry or opening may be required to complete the search.").[3] Instead of

---

[2] One condition of Lajeunesse's state probation prohibits him from accessing any commercial "social networking site." A 40, ¶37.

[3] To the extent the government is suggesting that a search of a cell phone for evidence of one type of violation of a probation condition would properly allow a search of the entire phone and, with it, the admissibility of any and all evidence

2

limiting the search to evidence relating to Lajeunesse's suspected violation of the social media condition, officers immediately opened an unrelated application to look for child pornography. A 117, ¶¶ 10-11.

While evidence that Lajeunesse was engaged in a sexual relationship with a minor may have furnished reasonable suspicion to conduct the challenged search of his cell phone, probation officers had no such evidence. At best, probation officers learned that Lajeunesse was sexually involved with a "teenager." How old? Evidence apparently ignored by probation officers confirmed she was an adult. The email from Lajeunesse's former wife claimed she had her own house. A 43 ("[H]e's been staying at her house frequently overnight . . . ."). Her Facebook page stated where she was *from*, where she currently *lives*, and where she *went* to high school. A 78. Officers also knew her name and had pictures of her. A 78. Yet, in the two weeks after learning these facts officers took no steps to confirm her age. Instead, they relied solely on a single officer's claim that the girl "appeared to be under the age of eighteen" based on his "review" of pictures on her Facebook account, without any indication

---

under the plain view doctrine, that argument has been rejected by this Court. *See United States v. Galpin*, 720 F.3d 436 (2d Cir. 2013).

as to when those pictures were taken or how he conducted his "review." A 169.

Lajeunesse's status as a probationer does not alter the analysis. It now goes without saying that Lajeunesse's probation status reduced his privacy rights, but his cell phone, "like anyone else's, [was] protected by the Fourth Amendment's requirement that searches be 'reasonable.'" *Braggs*, 5 F.4 at 186 (citations omitted). As just noted, officers had sufficient evidence to dispel any belief that the "teenager" was a minor in the two weeks leading up to the challenged search. Moreover, they were told by Lajeunesse that she was 19, which, even if officers were not entitled to credit in isolation, should have given them pause in light of the additional information indicating her age. Instead of conducting even a brief investigation to confirm her age, officers brushed aside this information in their rush to search for child pornography. Contrary to the government's claim, the harassing nature of the search was "sufficiently deliberate that exclusion can meaningfully deter it, and sufficiently culpable that such deterrence is worth the price paid by the justice system," *Herring v. United States*, 555 U.S. 135, 144 (2009), especially given that Lajeunesse's state probation was revoked, and he

4

was sentenced to serve a separate state prison sentence for violating conditions of his probation.  PSR ¶ 66.

## II.  The waiver provision does not foreclose this Court's review of the acknowledged allocution error.

On appeal, Lajeunesse argues that the district court committed plain error by failing to permit him an opportunity to allocute and present mitigating evidence, as required by the Due Process Clause and Rule 32(i)(4)(A)(ii) of the Federal Rules of Criminal Procedure.  Although apparently conceding that the district court erred, the government seeks to enforce a waiver provision contained in the written plea agreement to shield this Court's review.

This Court should reject the government's argument for two reasons.  First, the waiver at issue applies only to the length of the prison sentence, not procedural errors concerning how the district court arrived at the selected sentence.  The relevant provision waives Lajeunesse's right to appeal "[a]ny sentence *to a term of imprisonment* of 210 months or less."  A 193 (emphasis added).  It does not waive Lajeunesse's full right to appeal "the sentencing phase of the proceedings below," as the government suggests.  Dkt. No. 33, Appellee's Brief, at 33.

5

This Court construes the terms of appellate waivers strictly against the government. *United States v. Green*, 897 F.3d 443, 447 (2d Cir. 2018) (citations omitted). The government knows how to draft language waiving a defendant's right to appeal the entire "sentencing phase." Indeed, the cases concerning Rule 32 errors cited by the government contain appellate waivers covering the full sentencing proceeding. *See* Dkt. No. 33, Appellee's Brief, at 54 (citing *United States v. Arevalo*, 628 F.3d 93, 95 (2d Cir. 2010) (defendant "agrees not to file an appeal or otherwise challenge . . . the conviction or sentence *in the event* that the Court imposes a term of imprisonment of 195 months or less.") (emphasis added); *United States v. Quinones*, 707 F. App'x 184, 185-86 (4th Cir. 2017) (waiving right to "seek appellate review of his conviction and of any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, *on any ground whatsoever* including any ground set forth in 18 U.S.C. § 3742(a) . . . .") (emphasis added), *quoted in United States v. Quinones*, No. 17-4253, Appellee's Brief, at *4, 2017 WL 4569368 (4th Cir. Oct. 6, 2017); *United States v. Whitmer*, 505 F. App'x 167, 173, 174 (3d Cir. 2012) (waiving "all rights to appeal or collaterally attack the defendant's

6

conviction, *sentence*, or *any other matter* relating to this prosecution . . . .") (emphasis added), *quoted in United States v. Whitmer*, No. 10-2392, unnumbered docket entry 4/26/2012, Pro Se Appellant's Brief, at *72 (3d Cir. Apr. 26, 2012)). *See also id.* (citing *United States v. Buissereth*, 638 F.3d 114, 116 (2d Cir. 2011) (defendant agrees "not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence *in the event* that the Court imposes a term of imprisonment of 137 months or below.") (emphasis added)).

Other provisions of the plea agreement employ the phrase "term of imprisonment" in a way that makes clear the waiver does not apply to the entire sentencing proceeding. *See* A 186 (setting forth the respective minimum and maximum "term of imprisonment" for each count of conviction).

Had the government intended to force Lajeunesse to waive any issue arising from the sentencing proceeding *if* (or *in the event*) the district court imposed a sentence of 210 months or less, it should have drafted a waiver saying so. Instead, the plea agreement, strictly construed, waives only Lajeunesse's right to appeal the term of his

sentence. Because the allocution error does not challenge the term of imprisonment, this Court should remand for resentencing.

Second, even if Rule 32 errors are generally waivable, this Court should hold that the right to allocute was not knowingly waived in this case. As the government notes, this Court has held that a valid waiver bars consideration of certain Rule 32 errors. *See* Dkt. No. 33, Appellee's Brief, at 48 (citing *Arevalo*, 629 F.3d at 98). However, a sentencing court's failure to "make findings regarding the disputed portions of the presentence report," the Rule 32 error at issue in *Arevalo*, is entirely different from failing to afford a defendant the right to personally allocute or present mitigating evidence.

The whole point of conducting a sentencing hearing, instead of fashioning a sentence based on submission of the Presentence Report and sentencing memoranda, is to afford the parties, including the defendant, an opportunity to be heard in person, as required by the Due Process Clause. *See Gardner v. Florida*, 430 U.S. 349, 358 (1977) ("[I]t is now clear that the sentencing process, as well as the trial itself, must satisfy the requirements of the Due Process Clause."). As this Court recently confirmed, a defendant has a right under the Constitution and the

8

Federal Rules of Criminal Procedure to be present during sentencing. *United States v. Leroux*, 36 F.4th 115, 120 (2d Cir. 2022). "Being physically present in the same room with another has certain intangible and difficult to articulate effects that are wholly absent when communicating by video conference." *United States v. Williams*, 641 F.3d 758, 765 (6th Cir. 2011). Moreover, "[p]resence at sentencing serves additional purposes as well—it gives a defendant one last chance to personally plead his case." *United States v. Lawrence*, 248 F.3d 300 (4th Cir. 2001).

To be sure, a defendant may waive presence and allocution. For example, the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") permits a defendant to waive physical presence and consent to sentencing by videoconference if certain conditions were met. *Leroux*, 36 F.4th at 121 (citing *United States v. Coffin*, 23 F.4th 778, 779 (7th Cir. 2022)). In addition to other pandemic related conditions, this Court held that before proceeding by videoconference, a defendant must voluntarily and knowingly consent "with full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *Id.* (citation omitted). Nothing in the plea agreement

9

comes close to accomplishing this. Waiving the appellate challenge of some unknown right a district court may violate is not the same as knowingly waiving the right itself.

## Conclusion

This Court should vacate the judgment and remand with instructions to grant Lajeunesse's suppression motion and conduct a resentencing hearing, even if affirming Lajeunesse's convictions.

Respectfully submitted,

/s/
James P. Egan
Assistant Federal Public Defender
4 Clinton Square, 3rd Floor
Syracuse, NY 13202
(315) 701-0080
james.egan@fd.org

September 29, 2022

10

## Certificate of Compliance

Pursuant to Rule 32(g) of the Federal Rules of Appellate Procedure, I certify that this brief complies with the type-volume limitations of Rule 32(a)(7), and contains 1,900 words, as counted by the word-processing system used to prepare this document.

September 29, 2022

/s/
James P. Egan
Assistant Federal Public Defender

## Certificate of Service

I certify that today, September 29, 2022, I filed the foregoing brief with the Clerk of the United States Court of Appeals for the Second Circuit by means of the CM/ECF system. I further certify that counsel for Appellee, Assistant United States Attorney Paul D. Silver is a registered user of the CM/ECF system and that service was accomplished by filing this brief through that system.

/s/
James P. Egan
Assistant Federal Public Defender